## Spitzer v. Buten et al.

*William A. Gray*, for petitioner.

*Cohen, Schweidel & Krekstein* and *Herman D. Levinson*, contra.

KUN, J., October 29, 1931.—Plaintiff, having obtained a judgment against Joshua S. Buten and the other defendants named, filed a petition under section twenty-eight of the Uniform Partnership Act of March 26, 1915, P. L. 18, for a charging order against Buten's alleged interest as a partner in the firm of M. Buten & Sons, and for the appointment of a receiver to receive the profits due him. Answers were filed that the defendant Buten is no longer a partner in the firm of M. Buten & Sons. It was averred on behalf of M. Buten & Sons that the firm consists of Isadore Buten, Mottie Buten and Harry M. Buten; that while the defendant Joshua S. Buten had been a member of the firm, the partnership of which he was a member was dissolved on or about April 1, 1931; that Joshua S. Buten was put out of the firm for the following reasons: The other members of the firm became aware of the fact that their brother and partner, defendant Joshua S. Buten, had committed a breach of his contract of partnership between them in signing certain judgment notes in the sum of $50,000 without their knowledge or consent, on which note or notes judgment in the above case was entered; that thereafter they expressed their dissatisfaction with the defendant Joshua S. Buten's action, and opened up discussions on the subject of his withdrawal from the partnership. It was decided amongst them that the dissolution of the then existing partnership be deferred until an accountant's report for the year ending December 31, 1930, had been prepared. This report was not available until about the end of March, 1931, on the basis of which dissolution of the partnership between the

parties was effected; and it was agreed between the parties that the interest of the defendant Buten in the partnership, though apparently of greater book value, amounted to no more than $30,000, because a large part of the book assets consisted of real estate which had depreciated in value considerably.

The articles of copartnership provided that in the event of the withdrawal of a partner from the business, he was to receive his interest over a period of ten years, the evident purpose of which was to avoid embarrassment to the remaining partners by reason of any sudden depletion of working capital. In this instance, it was agreed between the parties to pay the defendant his interest of $30,000 over a period of eight years, at the rate of $2500 per year for the first four years and $5000 per year for the next four years, that is, within a period shorter by two years than that provided in the agreement.

The application for the charging order in this case was made some time after the dissolution of the partnership as above outlined, established by competent testimony, and not contradicted. A charging order against the interest of a debtor partner, and appointment of a receiver for his share of the profits contemplates an existing partnership in which the debtor is a member and entitled to receive a share of the profits. We have no such situation here. The debtor's interest in the partnership has ceased, and he is no longer entitled to any profits. The amount due him has been liquidated by agreement of the parties, and is payable to him over a period of years. He is now a creditor of the remaining partners to the amount they owe him which is subject to attachment on the judgment which plaintiff has against Joshua S. Buten and the other defendants named.

Plaintiff accordingly has a clear, well-defined and adequate process at law through which he may reach any sums due his debtor by the latter's former partners.

Accordingly, the rule to show cause why a charging order should not be made and receiver appointed for the alleged partner's interest was properly discharged.